REQUESTED BY: Ross D. Druliner, Jr., Dundy County Attorney, Benkelman, Nebraska
1. May county hospital funds in excess of $100,000 be deposited in a bank if the bank pledges securities to equal the amount deposited?
2. In the event that the answer to question 1 is in the affirmative, would the county hospital be protected against creditors of the bank in the event of a bank failure?
Yes, provided that the requirements of county treasurers are followed.
2. Yes, provided the hospital has a bond or pledge instrument to that effect.
The statutes clearly indicate that the board of trustees of a county hospital have the authority to deposit the county funds in a bank instead of having the county treasurer do it. For example, § 23-343.01 (Supp. 1982) provides in part:
 The (hospital) treasurer shall receive and pay out all the money under the control of said board as ordered by it, and shall report such expenditures and receipts to the county board on a monthly basis and as required by section 23-343.06. Such monthly report shall include a statement of the amount of currently outstanding registered warrants.
Section 23-343.03 (Supp. 1982) also provides in part:
 It (the board of trustees) shall have the exclusive control of the expenditures of all money collected to the credit of the fund for such facility or facilities. . . . The board of trustees shall have power to pay all current bills, claims, and salaries of all employees of such facility or facilities by an order upon its treasurer, signed by the superintendent of such facility or facilities and countersigned by the chairperson and secretary of the board of trustees.
 . . . (2) all powers and authority granted to the boards of nonprofit corporations under Chapter 21, article 19, except to the extent that those powers are inconsistent with Chapter 23, article 3, or are specifically prohibited by law.
We find no specific statute, however, which regulates the manner in which the hospital treasurer is to deposit or otherwise secure such funds. Neither have we found any statute prohibiting the deposit of such funds by the hospital treasurer, whether less than, or in excess of $100,000.
As stated in a previous opinion to you from this office concerning the investment of county hospital funds, we pointed out, however, that:
 Hospital boards are given quite broad independent control over the government of the hospital facilities and the expenditure of funds collected to the credit of the hospital. However, the fact remains that notwithstanding its considerable degree of autonomy, county hospitals are an integral part of county government and they are not separate or independent political subdivisions.
Report of Attorney General, 1977-1978, Opinion No. 78, p. 115 at 117.
Such being the case, it is our opinion that the hospital treasurer, to avoid liability for negligence, should follow the same requirements as the county treasurer for the deposit of public funds as set forth in §§ 77-2312 et seq.
(Reissue 1981). In this regard, § 77-2318 (Reissue 1981) states in part that:
 The county treasurer shall not have on deposit in any bank at any time more money than the amount insured by the Federal Deposit Insurance Corporation, plus the maximum amount of the bond given by said bank in cases where the bank gives a guaranty bond, except as provided in section 77-2318.01.
Said sections further set forth other requirements and make provision for the pledge of securities in lieu of bond.
Whether or not the county would be protected in the event of a bank failure would depend upon the terms of the bond or other securities pledged to the bank in excess of the insurance provided by the FDIC. The hospital board of trustees and the hospital treasurer should require a provision in any bond or pledge of securities guaranteeing payment to the county hospital, to the exclusion of all other claims, of an amount equal to the amount deposited by the county hospital.
Sincerely, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General